## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SERGIO MARQUEZ DIAZ
c/o 519 H Street NW
Washington, DC 20001

JOSE ESTANGLE ALVARADO VENTURA
c/o 519 H Street NW
Washington, DC 20001

      Plaintiffs,

v.

ANCAR SERVICES, LLC
4102 Clagett Road
University Park, MD 20782

CHARLES ROBERT NUGENT
4102 Clagett Road
University Park, MD 20782

      Defendants.

Civil Action No. _____

## COMPLAINT

1.     Defendants operate a cleaning business in the District of Columbia. Defendants employed Plaintiffs as cleaners within the District of Columbia. Plaintiffs typically worked overtime. However, Defendants did not pay overtime wages for the vast majority of Plaintiffs' overtime hours. Moreover, Defendants did not always pay Plaintiff Jose Estangle Alvarado Ventura the District of Columbia's minimum wage.

2.     Plaintiffs bring this action to recover damages for Defendants' willful failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and for Defendants' willful failure to pay minimum and overtime wages in violation of the

District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5.    Plaintiff Sergio Marquez Diaz and Plaintiff Jose Estangle Alvarado Ventura are adult residents of the District of Columbia.

6.    Ancar Services, LLC is a Delaware limited liability company. Ancar Services, LLC's primary business address is 4102 Clagett Road, University Park, MD 20782. Its resident agent in the District of Columbia is Business Filings Incorporated, 1015 15th Street NW, Suite 1000, Washington, DC 20005.

7.    Charles Robert Nugent is an adult resident of Maryland. He resides at 4102 Clagett Road, University Park, MD 20782. He is an owner and officer of Ancar Services, LLC. He exercises exclusive and unfettered control over the operations and pay practices of Ancar Services, LLC.

## Factual Allegations

8.    Defendants own and operate a cleaning business in the District of Columbia.

9.    Defendants employed Plaintiffs as cleaners in the District of Columbia. Defendants assigned Plaintiffs to clean primarily at the Basilica of the National Shrine of the Immaculate Conception and the Roman Catholic Archdiocese for the Military Services.

**Facts Specific to Sergio Marquez Diaz**

10.     Defendants hired Plaintiff Marquez Diaz in 2004.

11.     Defendants employed Plaintiff Marquez Diaz from 2004 through May 27, 2016.

12.     Plaintiff Marquez Diaz worked as a cleaner. He performed duties such as mopping and sweeping floors, cleaning bathrooms, and throwing away trash.

13.     Plaintiff Marquez Diaz worked overtime hours.

14.     Since June 1, 2013, Plaintiff Marquez Diaz worked approximately 1,317.50 overtime hours.

15.     Plaintiff Marquez Diaz was paid at the following rates:

| Employment Date Range | Hourly Rate |
|---|---|
| June 1, 2013 – Sept. 11, 2013 | $10.00 |
| Sept. 12, 2013 – Oct. 22, 2014 | $10.25 |
| Oct. 23, 2014 – Sept. 9, 2015 | $10.50 |
| Sept. 10, 2015 – May 27, 2016 | $10.65 |

16.     Plaintiff Marquez Diaz was typically paid his regular hourly rate for his overtime hours.

17.     For example, during the pay period of May 5, 2016 through May 18, 2016, Plaintiff Marquez Diaz worked 110.00 hours. Defendants paid him the regular hourly rate of $10.65 for each hour worked, including overtime hours.

18.     Defendants issued Plaintiff Diaz Marquez the following paystub for the pay period of May 5, 2016 through May 18, 2016:

| | Type | Hours | Rate | Earnings | Ded Type | Amount | YTD | | This Pay | YTD |
|---|---|---|---|---|---|---|---|---|---|---|
| SERGIO MARQUEZ | | 1301 MISOURI AVENUE N.W | | WASHINGTON, DC  20011 | | | | Check No:  14942  Date: 05/20/16 | | |
| EXP# 15 CLOCK# 000015 DEPT# 000100 FED M  1 DC M  1 | REGULAR | 110.00 | 10.6500 | 1171.50 | | | | EARNINGS FEDERAL MEDICARE SOC SEC DC | 1171.50 68.69 16.99 72.63 59.00 | 10374.11 552.78 150.43 643.19 504.00 |

| | Earned | Used | Avail |
|---|---|---|---|
| PTO | 18.00 | 0.00 | 18.00 |
| SICK | 40.00 | 0.00 | 40.00 |
| VACA | 160.00 | 120.00 | 40.00 |

Net Pay: 954.19

1402 ANCAR SERVICES LLC   4102 CLAGETT RD   UNIVERSITY PARK, MD  20782
Key: pYfp-ch7q-TKE4-pq3j

Period Start:05/05/16
Period End: 05/18/16   PrimePay.

19.     Plaintiff Diaz Marquez was always paid every two weeks.

20.     Plaintiff Diaz Marquez was always paid with checks.

21.     Defendants owe Plaintiff Diaz Marquez approximately **$6,500.00** in unpaid overtime

wages earned since June 1, 2013.

**Facts Specific to Jose Estangle Alvarado Ventura**

22.     Defendants hired Plaintiff Alvarado Ventura on approximately December 10, 2013.

23.     Plaintiff Alvarado Ventura is currently employed by Defendants.

24.     Plaintiff Alvarado Ventura worked as a cleaner. He performed duties such as mopping

and sweeping floors, cleaning bathrooms, and throwing away trash.

25.     Plaintiff Alvarado Ventura worked overtime hours.

26.     From approximately December 10, 2013 until the present, Plaintiff Alvarado Ventura

worked approximately 1,100 overtime hours.

27.     Plaintiff Alvarado Ventura was paid at approximately the following rates:

| Employment Date Range | Hourly Rate |
|---|---|
| Dec. 10, 2013 – June 4, 2014 | $9.00 |
| June 5, 2014 – July 16, 2014 | $9.55 |
| July 17, 2014 – July 30, 2014 | $9.00 |
| July 31, 2014 – Oct. 22, 2014 | $10.00 |
| Oct. 23, 2014 – June 30, 2014 | $10.25 |
| July 1, 2014 – present | $10.50 |

4

28.     Plaintiff Alvarado Ventura was typically paid his regular hourly rate for his overtime

hours.

29.     On occasion, Plaintiff Alvarado Ventura was paid a few cents more, or a few cents less,

than his regular hourly rate for his overtime hours.

30.     For example, during the two week pay period of January 29, 2015 through February 11,

2015, Plaintiff Alvarado Ventura worked 110.00 hours. Defendants paid him $10.25 for each of

his first 80 hours. However, Defendants paid him $10.00 for each of his 30 overtime hours.

31.     Defendants issued Plaintiff Alvarado Ventura the following paystub for the pay period of

January 29, 2015 through February 11, 2015:

| JOSE E ALVARADO | | | 1816 RHODE ISLAND AVENUE, NE  WASHINGTON, DC   20018 | | | Check No:   14475   Date: 02/13/15 | | |
|---|---|---|---|---|---|---|---|---|
| | Type | Hours | Rate | Earnings | Ded Type | Amount | YTD | This Pay | YTD |
| EMP# 116 | REGULAR | 80.00 | 10.2500 | 820.00 | ADVANCE | 0.00 | 200.00 | EARNINGS | 1120.00 | 4948.95 |
| CLOCK# 000116 | REGULAR | 30.00 | 10.0000 | 300.00 | Total: | 0.00 | 200.00 | FEDERAL | 48.15 | 217.85 |
| DEPT# 000200 | | | | | | | | MEDICARE | 16.24 | 71.76 |
| FED M   2 | | | | | | | | SOC SEC | 69.44 | 306.83 |
| .DC   M   0 | | | | | | | | DC | 60.00 | 254.00 |

Net Pay:   926.17

1402 ANCAR SERVICES LLC    4102 CLAGETT RD   UNIVERSITY PARK, MD  20782
Key: 3pFG-rFGC-afRK-F63j

Period Start:01/29/15
Period End: 02/11/15   PRIMEPAY.

32.     Plaintiff Alvarado Ventura was always paid every two weeks.

33.     Plaintiff Alvarado Ventura was always paid with checks.

34.     Defendants owe Plaintiff Alvarado Ventura approximately **$4,500.00** in unpaid minimum

and overtime wages earned since June 1, 2013.

### General Factual Allegations

35.     At all relevant times, the annual gross volume of Defendants' business exceeded

$500,000.00.

36.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

37.     At all relevant times, Defendants had the power to fire Plaintiffs.

38.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

39.     At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

40.     At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

41.     At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiffs one and one-half times Plaintiffs' hourly rate for all hours worked over 40 in any one workweek.

42.     Prior to July 1, 2014, the District of Columbia required a minimum wage of $8.25 per hour. From July 1, 2014 through June 30, 2015, the District of Columbia required a minimum wage of $9.50 per hour. From July 1, 2015 through the present, the District of Columbia required a minimum wage of $10.50 per hour.

43.     Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

44.     Defendants did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

45.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the minimum wage required by District of Columbia.

46.     At all relevant times, Defendants were aware that that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

47.     At all relevant times, Defendants were aware that that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

48.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

49.     Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

50.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

51.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

52.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular rate for hours worked in excess of 40 hours in any one workweek.

53.     Defendants' FLSA violations were willful.

54.     For their FLSA violations, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

55.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

56.     Each Defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

57.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

58.     For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

59.     Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum and overtime wages.

60.     Defendants' DCWPCL violations were willful.

61.     For their DCWPCL violations, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants, on all counts, and grant the following relief:

a.      Award Plaintiffs **$48,600.00**, consisting of the following overlapping elements:

i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216 ($22,000.00);

ii.     unpaid District of Columbia minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages,

pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308

($44,000.00);

b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiffs reasonable attorneys' fees and expenses incurred in the

prosecution of this action (through the date of this filing, approximately $4,200.00);

d.      Award Plaintiffs court costs (through the date of this filing, $400.00); and

e.      Award any additional relief the Court deems just.


Date: June 16, 2016                              Respectfully submitted,

                                                 /s/ Justin Zelikovitz, Esq.
                                                 Justin Zelikovitz, #986001
                                                 LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                                 519 H Street NW
                                                 Washington, DC 20001
                                                 Phone: (202) 803-6083
                                                 Fax: (202) 683-6102
                                                 justin@dcwagelaw.com

                                                 *Counsel for Plaintiffs*